1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 VICTOR SANTACRUZ, LUIS
SANTACRUZ, CIRILO MANCINAS
LOPEZ, RAYMUNDO MARTINEZ,
LUCIA GARCIA, and WILLIAM
ALCANTAR,

CASE NO. 16-5200 RJB

ORDER ON PLAINTIFFS' MOTION
TO DECLARE DEFENDANTS' FED.
R. CIV. P. 68 OFFER OF
JUDGMENT VOID

12

13

14 Plaintiff,

15 v.

16 SOUTHBANK DAIRIES, LLC, a
Washington Limited Liability Company,
and JERRY D. FOSTER, an individual,

17

18 Defendants.

19     This matter comes before the Court on Plaintiffs' Motion to Declare Defendants' Fed. R.

20 Civ. P. 68 Offer of Judgment Void.  Dkt. 12.  The Court has considered the pleadings filed

21 regarding the motion and the remainder of the file.

22     Filed March 16, 2016, this case arises from Plaintiffs' employment at Defendants' dairy

23 farm as field workers and/or pushers and milkers.  Dkt. 1.  Plaintiffs assert that they did not

24 receive all wages due, suffered uncompensated physical injuries, and experienced racial

discrimination.  *Id.*  Plaintiffs make claims under the Fair Labor Standards Act, 29 U.S.C. 206, *et seq.*, and make state law claims under Washington's wage and hours laws, for discrimination in violation of Washington's Law Against Discrimination, RCW 49.60, *et seq.*, breach of contract, and for the "deliberate intent to injure/personal injury." *Id.*

Plaintiffs now move the Court for an order declaring void a Fed. R. Civ. P. 68 Offer of Judgment made by Defendants on May 20, 2016.  Dkt. 12.  Plaintiffs argue that the offer was of a set amount, without specifying which of the six Plaintiffs would recover what amount, or how the amount was calculated, or what Defendants considered "reasonable attorney's fees," (which Defendants also offered to pay.) *Id.*  They note that discovery has not been exchanged, and they are not in possession of most of the wage records, which make up part of their case. *Id.*  Without discovery, they assert that they cannot determine the fairness of the offer. *Id.*  They note that under Rule 68, if they win less at trial then was offered, they will have to pay Defendants' costs (which may include attorneys' fees). *Id.*  They maintain that use of the Rule 68 offer amounts to unfair coercion and an improper use of the rules in this case. *Id.*

Defendants oppose the motion arguing that:  (1) the motion is brought in violation of Rule 68, (2) the Rules Enabling Act does not permit invalidation of the offer of judgment, (3) the issue is not ripe, (4) Plaintiffs' argument regarding court approval of an FLSA settlement is unpersuasive, (5) invalidation of the offer of judgment is inconsistent with the purpose of Rule 68, and (6) the offer of judgment is valid without apportionment.  Dkt. 14.

For the reasons stated below, the motion (Dkt. 12) should be denied without prejudice.

### DISCUSSION

Fed. R. Civ. P. 68 provides:

**(a) Making an Offer; Judgment on an Accepted Offer**. At least 14 days before
the date set for trial, a party defending against a claim may serve on an opposing

party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

**(b) Unaccepted Offer**. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

**(c) Offer After Liability is Determined**. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 14 days--before the date set for a hearing to determine the extent of liability.

**(d) Paying Costs After an Unaccepted Offer**. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Plaintiffs' motion to have Defendants' Rule 68 Offer of Judgment declared void (Dkt. 12) should be denied without prejudice.  The Rule specifically provides that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." This is not a proceeding to determine costs.  Evidence of this offer is not yet admissible.

Further, the motion appears premature.  It is not yet clear that Plaintiffs are entitled to recovery in this case.  If they are, Plaintiffs may recover more than was offered, in which case the motion would be moot.  While Plaintiffs argue that they may have to pay Defendants' attorneys' fees as part of the "costs" awarded under Rule 68 if they do not recover more than was offered, that is not yet wholly clear.  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1030-31 (9th Cir. 2003) (holding that Rule 68 "costs" do not include a non-prevailing defendant's post-offer attorneys' fees when the underlying statute awards attorneys' fees to a prevailing party).  This motion should be denied without prejudice.

1                                    **ORDER**

2        It is **ORDERED** that:

3    • Plaintiffs' Motion to Declare Defendants' Fed. R. Civ. P. 68 Offer of Judgment Void (Dkt.

4        12) **IS DENIED WITHOUT PREJUDICE**.

5        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6    to any party appearing *pro se* at said party's last known address.

7        Dated this 20th day of June, 2016.

8

9                                    _Robert J. Bryan_

10                                   ROBERT J. BRYAN
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PLAINTIFFS' MOTION TO
DECLARE DEFENDANTS' FED. R. CIV. P. 68
OFFER OF JUDGMENT VOID- 4