1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 VICTOR SANTACRUZ, LUIS
SANTACRUZ, CIRILO MANCINAS
LOPEZ, RAYMUNDO MARTINEZ,
12 LUCIA GARCIA, and WILLIAM
ALCANTAR,
13

Plaintiffs,
14

15 v.

SOUTHBANK DAIRIES, LLC, a
16 Washington Limited Liability Company,
and JERRY D. FOSTER, an individual,
17

Defendants.
18

CASE NO. 16-5200 RJB

ORDER ON DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS

19     This matter comes before the Court on Defendants' Motion for Judgment on the

20 Pleadings Regarding Plaintiffs' Deliberate Intent to Injure/Personal Injury Claim (Dkt. 22) and

21 Plaintiffs' motion for leave to file an amended complaint (Dkt. 23).  The Court has considered

22 the pleadings filed regarding the motions and the remainder of the file.

23     Filed March 16, 2016, this case arises from Plaintiffs' employment at Defendants' dairy

24 farm.  Dkt. 1.  Plaintiffs assert that they did not receive all wages due, suffered uncompensated

1   physical injuries, and experienced racial discrimination.  *Id.*  Plaintiffs make claims under the

2   Fair Labor Standards Act, 29 U.S.C. 206, *et seq.*, and make state law claims under Washington's

3   wage and hours laws, for discrimination in violation of Washington's Law Against

4   Discrimination, RCW 49.60, *et seq.*, breach of contract, and for the "deliberate intent to

5   injure/personal injury."  *Id.*

6       Defendants now move the Court for a judgment on the pleadings pursuant to Fed. R. Civ.

7   P. 12(c) regarding Plaintiffs'  "deliberate intent to injure/personal injury" claim.  Dkt. 22.  For

8   the reasons stated below, to the extent the motion is a motion to dismiss, the motion (Dkt. 22)

9   should be granted, in part, and to the extent Defendant seek entry of a judgment, the motion

10  should be denied without prejudice.  Plaintiffs, in their response, move for leave to file an

11  amended complaint, and that motion (Dkt. 23) should be granted.

12                              **I.       FACTS**

13      The following facts are taken from Plaintiff's Complaint.  Plaintiffs, along with around 25

14  other employees, worked for Defendants Southbank Dairies LLC ("Southbank") and

15  Southbank's owner, Defendant Jerry Foster. Dkt. 1, at 3-4.  Southbank had anywhere between

16  600-1,500 head of cattle in the operation during the relevant time.  *Id.*  Plaintiffs state that they

17  all identify as Latino and/or Mexican and all speak Spanish.  *Id.*

18      They allege that they generally worked between six to seven days a week.  *Id.,* at 4.  They

19  assert that Mr. Foster regularly paid them for fewer hours than they worked.  *Id.*  Plaintiffs

20  maintain that Mr. Foster did not maintain records of his reduction of their hours.  *Id.*  Plaintiffs

21  assert that they were not given meal or rest breaks.  *Id.*

22      In regard to their claim for deliberate intent to injure, Plaintiffs assert that Defendants failed

23  to provide adequate safety equipment or training, resulting in personal injury to Plaintiffs.  *Id.,* at

24

23.  Plaintiffs allege that they "were routinely exposed to health hazards such as pesticides, fish waste, manure, extreme cold and heat, and violent animals without mitigating equipment or training." *Id.*   Plaintiffs assert that they were required to purchase all their own "gloves, boots, respiratory protection and jackets" to avoid injury from "workplace hazards such as cow manure, blood, fish waste, pesticides, veterinary medicines, and other fluids that could be harmful to their health." *Id.*, at 4-5.  They assert that Defendants provided white/non-Latino employees better working conditions than Plaintiffs were given. *Id.*, at 5.

They assert that Defendants failed to post the required information informing Plaintiffs of their right to medical care and lost wages under the state Workers' Compensation statutes until after the fall of 2015. *Id.*, at 4 and 23.  Plaintiffs state that Defendants did not provide a handbook in Spanish, or explain their rights as workers in any format. *Id*., at 4 and 23.  Plaintiffs allege that when asked to assist in redressing workplace injuries, Defendants refused. *Id.*, at 23.

Plaintiffs maintain that their economic losses were worsened by Defendants' refusal to pay medical care or engage in intervening safety measures. *Id.*, at 23. Plaintiffs assert that Defendants also forced them to pay for "their own workers' compensation benefits out of pocket." *Id.*

Plaintiffs assert that Defendants' actions were deliberate because they sought to avoid the costs of both prevention and Plaintiffs actual medical care, causing injuries to Plaintiffs. *Id.*, at 24.  Further, they allege that Defendants actions were "discriminatory, intentional and did not serve an essential business purpose." *Id.*  Plaintiffs maintain that Defendants intentionally caused them injury by failing to inform them of their rights, taking advantage of their limited understanding of English, and then refusing to pay for injuries. *Id.*

1    In addition to exposure to hazardous substances, Plaintiffs also assert that they sustained

2    other injuries. *Id.* Plaintiff Victor Santacruz states that he began working for Defendants in the

3    spring of 2005. *Id.,* at 5. Mr. Victor Santacruz worked in the fields, did construction and repair

4    work, performed maintenance and cleaning, drove tractors and trucks, and completed any other

5    assigned tasks. *Id.* He alleges that he worked anywhere from 70-140 hours per week. *Id.* He

6    asserts that he did not get paid for all the hours he worked. *Id.* As it relates to the current

7    motion, Mr. Victor Santacruz alleges that he was physically injured on the job and Defendants

8    did not inform him of his rights to Workers Compensation. *Id.* He alleges that in 2007, while

9    moving concrete blocks for Defendants, he was struck by a heavy metal chain and had two front

10   teeth knocked out. *Id.*, at 8. He alleges that Defendants made him pay for the denture work out

11   of his own pocket. *Id.* In 2008, he stepped on a rusty nail and his foot became infected. *Id.* Mr.

12   Victor Santacruz asserts that Defendant Foster observed him limping. *Id.* He asserts that the

13   Defendants did not offer to help and he worked for eight days with an infected foot. *Id.* In 2013,

14   he was assigned to apply an acid wash to the hooves of the cows. *Id.* He alleges that "the cows

15   often resist the treatment and take off running." *Id.* Mr. Victor Santacruz states that on one

16   occasion, this acid was kicked back into his face and eyes. *Id.* He suffered from red painful eyes

17   and had difficulty seeing for weeks. *Id.* He alleges that other non-Latino workers were treated

18   differently – they were helped when injured, medical care was provided, and they were paid for

19   time off. *Id.*

20   Plaintiff Cirilo Mancinas López was hired in 2008 to feed the pigs, clean the pens and

21   covering shifts in the milking parlor and for other tasks. *Id.*, at 12. He also alleges that he

22   worked 10-15 hours a day and was not properly compensated. *Id.* As it relates to the current

23   motion, Mr. Mancinas was kicked in the left shoulder by a cow in 2014 while at work. *Id.*

24

1   Defendant Foster witnessed the accident and laughed, and warned Mr. Mancinas to be careful

2   about the new cows. *Id.*, at 15.  Mr. Mancinas states that the next day, his heart was "hurting

3   badly," and so went to the hospital. *Id.* The doctor told him that he "had an inflamed nerve near

4   his heart and was causing the pain." *Id.*  He alleges that the hospital sent the bill to his home for

5   this workplace injury. *Id.*  He states he cannot pay it and his account has been sent to collections.

6   *Id.*  He asserts that Defendants did not inform him of his rights to worker's compensation. *Id.*

7   Mr. Mancinas maintains that, in or around March or April of 2015, while applying veterinary

8   acid to the cows' hooves, he fell and acid got all over his face and chest. *Id.*  He alleges that

9   Defendants did not offer assistance. *Id.*  Mr. Mancinas maintains that Defendants charged him

10   for protective gear like protective pants and boots. *Id.*

11      Plaintiff Raymundo Martínez was hired around April 26, 2008 to perform a variety of

12   functions on Defendants' property, including driving trucks transporting fish waste and other

13   materials. *Id.,* at 16.  Mr. Martínez asserts that he was offered $9.50, regularly worked in excess

14   of 100 hours a week, and Defendants failed to properly compensate him. *Id.*  As is relevant to

15   the current motion, Mr. Martínez alleges that in the summer of 2015, he injured his ankle. *Id.*

16   He asserts that Defendant Foster insisted that he come into work even though the ankle was not

17   functional. *Id.*  Mr. Martínez maintains that Defendant Foster did not offer him light duty, or

18   inform him of his rights under state law for workers' compensation insurance even though

19   Defendants deducted his pay for "insurance." *Id.*  He alleges that he asked Defendants for safety

20   gear to protect him from the fumes emanating from the fish acid, cow manure and other

21   protective gear. *Id.*  Defendants refused. *Id.*

22      Plaintiff Lucia García was hired in January of 2012. *Id.*, at 19.  She worked 12 hour

23   shifts caring for the cows and giving the cows medicine. *Id.*  She also asserts that Defendants did

24

1  not properly compensate her, and that she rarely, if ever, got meal and rest breaks.  *Id.,* at 19-20.

2  On July 24, 2015, Ms. García was assaulted by a coworker, who struck her numerous times and

3  choked her, leaving bruises and marks on her skin.  *Id.*, at 20.  She reported the assault to

4  Defendant Foster, who "laughed it off" and did not reprimand the other employee.  *Id.*

5  Defendant Foster did not offer any medical or other assistance to her.  *Id.*

6  ## II.    DISCUSSION

7  A.  **STANDARD ON MOTION FOR JUDGMENT ON THE PLEADING**S

8      Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay

9  trial--a party may move for judgment on the pleadings."  "Analysis under Rule 12(c) is

10 substantially identical to analysis under Rule 12(b)(6)."  *Chavez v. United States*, 683 F.3d 1102,

11 1108 (9th Cir. 2012)(*internal quotations omitted*).

12     Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

13 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

14 *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

15 are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

16 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

17 does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

18 entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

19 elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

20 1964-65 (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right

21 to relief above the speculative level, on the assumption that all the allegations in the complaint

22 are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a

23 claim to relief that is plausible on its face."  *Id*. at 1974.

24

1         If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

2   should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*,

3   717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim

4   should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon

5   de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret*

6   *Service,* 572 F.3d 962, 972 (9th Cir. 2009).

7   **B.   CLAIM FOR DELIBERATE INJURY UNDER WASHINGTON'S RCW 51.24.020**

8         Under Washington's Industrial Insurance Act, "all civil actions and civil causes of action for

9   [workplace] personal injuries and all jurisdiction of the courts of the state over such causes of

10  action are hereby abolished."  RCW 51.04.010.  Employers are not immune from suit, however,

11  "[i]f injury results to a worker from the deliberate intention of his or her employer to produce

12  such injury . . . ."  RCW 51.24.020.  "Washington courts have consistently interpreted RCW

13  51.24.020 narrowly, holding that mere negligence, even gross negligence, does not rise to the

14  level of deliberate intention."  *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16,

15  27 (2005).

16        "The phrase 'deliberate intention' in RCW 51.24.020 means (1) the employer had actual

17  knowledge that an injury was certain to occur and (2) the employer willfully disregarded that

18  knowledge."  *Vallandigham*, at 27–28 (*internal citations and quotations omitted*).  "Disregard of

19  a risk of injury is not sufficient to meet the [first] prong; certainty of actual harm must be known

20  and ignored."  *Id.,* at 28.  As to the second prong, negligence or gross negligence is insufficient.

21  *Id.*

22        In their motion, Defendants move to dismiss Plaintiffs' deliberate injury claim arguing that

23  (1) the alleged exposure to substances that could be harmful is insufficient to state a claim

24

1   because sometimes no injury occurred and for those exposures that the plaintiffs alleged caused

2   injuries, such as acid, they did not plead facts sufficient to show the Defendants had actual

3   knowledge that injury was certain and willfully disregarded that knowledge; (2) Plaintiffs'

4   allegations regarding the physical assault on Ms. García is insufficient because they do not allege

5   that it occurred within the scope of employment by a supervisor; (3) none of the other isolated

6   incidents are sufficient to state a deliberate intent to injure claim because there is no allegation

7   that the Defendants had knowledge of a certain injury and willfully disregarded that knowledge.

8   Dkt. 22.  Defendants argue that the Court should enter judgment against Plaintiffs on this claim

9   because they failed to state facts sufficient to confer subject matter jurisdiction on this Court for

10  this claim.  *Id.*

11          Plaintiffs respond and argue that Defendants here were aware of regular, severe injuries

12  caused by cows kicking workers, exposure to dangerous harmful chemicals, and dangerous

13  working conditions that Defendants did nothing to prevent.  Dkt. 23.  They argue that Defendants

14  knew that the conditions on the farm regularly injured workers and Defendants still failed to

15  provide the safety gear and training required under federal and state law.  *Id.*  Plaintiffs contend

16  that "[b]y blatantly ignoring their duty to inform workers of their rights, Defendants deliberately

17  deprived Plaintiffs of access to the Workers' Compensation system itself."  *Id.*  Plaintiffs assert

18  that they were injured once by Defendants' "open disregard of ongoing accidents on the farm as

19  a result of Defendants' noncompliance with state and federal safety regulations."  *Id.*  Plaintiffs

20  argue that they were injured again by Defendants' choice to conceal their rights to Workers'

21  Compensation, "despite state and federal mandate otherwise, leaving them with thousands of

22  dollars owed to dentists, hospitals and urgent care centers."  *Id.*  Plaintiffs contend that

23

24

1  Defendants failed to mention worker's compensation benefits at all, even though they took

2  deductions from at least some of the Plaintiffs for "L & I insurance." *Id.*

3      Plaintiffs acknowledge that their claims raise novel questions of law. *Id.*  They argue that

4  they should be permitted leave to amend their complaint to clarify their claims, if the Court finds

5  that their allegations are deficient. *Id.*

6      Defendants' motion to dismiss (Dkt. 24) Plaintiffs' claims for deliberate intent to

7  injure/personal injury claim should be granted, and Plaintiffs' motion to amend their complaint

8  (Dkt. 23) should also be granted.

9    Plaintiffs allege that they speak only Spanish and that Defendants failed to inform them of

10  their rights generally under the various employment statutes.  Plaintiffs contend that Defendants

11  were collecting "L & I insurance" premiums from them, but refused to explain it.  Plaintiffs

12  assert that when they were injured, Defendants failed to assist them, and failed to inform them of

13  their rights under the workers' compensation statutes.  Those allegations do not seem to fit the

14  intent of RCW 51.24.020.  An "injury," "interpreted narrowly" under that statute does not

15  include a failure to know of and understand the state workers' compensation scheme, although

16  arguably such lack of information and understanding will lead to a loss of benefits.  While the

17  undersigned takes a dim view of a defendant's use of the workers' compensation statutes as a

18  shield when, if Plaintiffs allegations are correct, the defendant failed to inform Plaintiffs of their

19  benefits under those very statutes, it is not clear that this is a valid claim under the law as pled.

20  Nor does the statute grant this Court jurisdiction and allow them to seek relief for the physical

21  and emotional injuries that Plaintiffs' suffered, because although Plaintiffs allege such injuries

22  were likely, they do not allege that the Defendants had "actual knowledge that those injuries

23  were certain to occur" and "willfully disregarded that knowledge." *Vallandigham*, at 27–28.

24

ORDER ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS- 9

To the extent that Plaintiffs seek to amend their complaint regarding the physical and emotional injuries, including the exposure to hazardous substances and fumes and resulting injuries, Plaintiffs' motion to amend (Dkt. 23) should be granted.  It is not clear that these claims "could not be saved by any amendment." *Moss,* at 972.   A motion to amend "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, (9th Cir. 2011).  Rule 15(a) is designed "to facilitate decision on the merits, rather than on the pleadings or technicalities."  *Id.*

There is no showing of bad faith, undue delay, futility or undue prejudice.  This case was filed in March of this year.  Dkt. 1.  Discovery does not close until December 19, 2016.  Dkt. 19. Plaintiffs should be granted leave to file an amended complaint, if they choose, on or before September 2, 2016.

## III.   ORDER

It is **ORDERED** that:

- Defendants' Motion for Judgment on the Pleadings Regarding Plaintiffs' Deliberate Intent to Injure/Personal Injury Claim (Dkt. 22) **IS:**
    - **GRANTED** to the extent that they seek dismissal of the claim for intent to injure**;**
    - **DENIED WITHOUT PREJUDICE** to the extent they seek entry of a judgment on the pleadings; and
- Plaintiffs' motion to amend their complaint (Dkt. 23) **IS GRANTED**;
    - Plaintiffs' amended complaint, if any should be filed on or before **September 2, 2016.**

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing *pro se* at said party's last known address.

3        Dated this 17th day of August, 2016.

4

5

6    ROBERT J. BRYAN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24