1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11   VICTOR SANTACRUZ, LUIS
     SANTACRUZ, CIRILO MANCINAS
12   LOPEZ, RAYMUNDO MARTINEZ,
     LUCIA GARCIA, and WILLIAM
     ALCANTAR,
13

14              Plaintiffs,

15        v.

16   SOUTHBANK DAIRIES, LLC, a
     Washington Limited Liability Company,
17   and JERRY D. FOSTER, an individual,

18              Defendants.

CASE NO. C16-5200 RJB

ORDER ON PLAINTIFFS' MOTION
TO QUASH SUBPOENA

19        This matter comes before the Court on Plaintiffs' Motion to Quash Subpoena.  Dkt. 37.

20   The Court has considered the pleadings filed regarding the motion and the remainder of the file.

21        Filed March 16, 2016, this case arises from Plaintiffs' employment at Defendants' dairy

22   farm.  Dkt. 1.  In their First Amended Complaint, Plaintiffs assert that they did not receive all

23   wages due, suffered uncompensated physical injuries, and experienced racial discrimination.

24   Dkt. 26.  Plaintiffs make claims under the Fair Labor Standards Act, 29 U.S.C. 206, *et seq*., the

1   Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1802 *et seq.*, and make

2   state law claims under Washington's wage and hours laws, for discrimination in violation of

3   Washington's Law Against Discrimination, RCW 49.60, *et seq.*, breach of contract, and for

4   fraudulent concealment.  *Id.*  Plaintiffs' claims for "deliberate intent to injure/personal injury" were

5   dismissed on October 19, 2016.  Dkt. 33.

6       Plaintiffs now move the Court for an order quashing Defendants' Fed. R. Civ. P. 45

7   subpoena duces tecum served on La Casa de la Familia Santa ("La Casa"), where some of the

8   Plaintiffs live.  Dkt. 37.  For the reasons stated below, the subpoena should be quashed.

9                           **I.    FACTS**

10      The background facts are in the October 19, 2016 Order on Defendants' Motion to Dismiss

11  (Dkt. 33, at 1-6) and are adopted here.

12      As is relevant to the instant motion, on or about November 3, 2016, Defendants served a

13  subpoena on a third party, La Casa and its "management agent." Dkt. 38-1, at 9-14 and 41-2, at 2.

14  The subpoena requests the following:

15      1.  All documents in your possession and/or control relating to any application for housing,
        denial of application for housing, statement of wages, verification of wages and/or
16          employment; terms and conditions of housing related to Plaintiffs . . .

17      2.  All communications between Plaintiffs . . . and La Casa de la Familia Santa or its
        representatives.
18

19  Dkt. 38-1, at 14.  La Casa, owned/run by Catholic Community Services and Catholic Housing

20  Services (formerly known as the Archdiocesan Housing Authority) of Western Washington, in

    part, provides affordable housing to farm workers. Dkt. 41-3.  According to a submission by
21
    Defendants, Catholic Community Services and Catholic Housing Services of Western
22
    Washington also provide services related to long term care, foster care, counseling, mental
23

24

1   health, addiction, immigration, and meals.  *Id*.  Some, but not all, of the Plaintiffs live at La Casa,

2   and others may want to live there in the future.  Dkt. 38, at 2.

3   On November 3, 2016, Defendants sent Plaintiffs' counsel, via email, a "Notice of Intent to

4   Serve Subpoena," and the subpoena. Dkt. 38-1, at 2-14.  Plaintiffs' counsel immediately objected,

5   the parties held various conferences, and attempted informal court intervention.  Dkts. 38 and 41.

6   This motion followed.

7                                    **II.       DISCUSSION**

8       A.  **FAILURE TO PROPERLY SERVE SUBPOENA ON PLAINTIFFS**

9       Fed. R. Civ. P. 45(a)(4) requires that a notice and a copy of a subpoena be served on each

10   party before it is served on the person to whom it is directed.

11      Plaintiffs move to quash the subpoena, in part, because Defendants failed to properly serve

12   them with the subpoena before Defendants served the subpoena on La Casa.  Dkt. 37.  The Court

13   need not reach this question, because it concludes that the subpoena should be quashed on other

14   grounds.

15      B.  **MOTION TO QUASH AND DISCOVERY IN GENERAL**

16      Fed. R. Civ. P. 45(d)(3)(A) "Quashing or Modifying a Subpoena," provides,

17          *When Required*. On timely motion, the court for the district where compliance
            is required must quash or modify a subpoena that:
18
            (i)      fails to allow a reasonable time to comply;
19
            (ii)     requires a person to comply beyond the geographical limits
20                   specified in Rule 45(c);

21          (iii)    requires disclosure of privileged or other protected matter, if no
                     exception or waiver applies; or
22
            (iv)     subjects a person to undue burden.
23

24

1       Plaintiffs' motion to quash the subpoena (Dkt. 37) should be granted. This subpoena is

2   overbroad, requires the disclosure of privileged information or other protected matter and

3   subjects La Casa and its management agent to undue burden.  Under 45, a subpoena can be

4   quashed if it is overbroad.  *See Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 814 (9th

5   Cir. 2003).  This subpoena requests not only wage and application information, but "all

6   communications" between La Casa and its management agent, a group that provides a whole host

7   of social services. It is exceedingly overbroad. Further, while Defendants have offered to accept

8   documents that have been partially redacted, there is no showing that an agreement was made as

9   to all privileged or protected information. Moreover, Defendants have not shown that the

10  information sought is relevant to any party's claim or defense and proportional to the needs of the

11  case.  All discovery is guided by Fed. R. Civ. P. 26 (b)(1), which provides:

12          Unless otherwise limited by court order, the scope of discovery is as follows:
            Parties may obtain discovery regarding any nonprivileged matter that is relevant
13          to any party's claim or defense and proportional to the needs of the case,
            considering the importance of the issues at stake in the action, the amount in
14          controversy, the parties' relative access to relevant information, the parties'
            resources, the importance of the discovery in resolving the issues, and whether the
15          burden or expense of the proposed discovery outweighs its likely benefit.
            Information within this scope of discovery need not be admissible in evidence to
16          be discoverable.

17  There is no showing that the discovery Defendants seek as a result of this subpoena is relevant

18  (or could even lead to relevant information) to any parties' claim or defense.  Defendants contend

19  that the wages Plaintiffs reported to this non-profit may be useful for impeachment purposes.

20  Plaintiffs' wage claims however, hinge on their allegations that they were not paid for all the

21  hours they worked, the amount they reported they earned to a non-profit is not relevant to those

22  claims or any other claim.  Defendants further make vague references to some of the Plaintiffs'

23  claims for breach of contract regarding housing.  According to the Amended Complaint, Plaintiff

24

ORDER ON PLAINTIFFS' MOTION TO QUASH
SUBPOENA- 4

Martínez purchased a trailer to live in and Defendants charged him rent to put the trailer on the farm. Dkt. 26. Plaintiff Martínez asserted that the site was not ever made habitable (including not having a working septic system), and so was forced to sell the trailer to Defendants and incurred costs to move. *Id.* Defendants then rented the trailer to Plaintiff Luis Santacruz. *Id.* Plaintiff Luis Santacruz claims that he quickly learned that the trailer was not habitable and had to move. *Id.* Defendants make no showing that either of these Plaintiffs moved to La Casa, or even if they did, how the information they seek from the subpoena would be relevant to this claim or a defense to this claim. Aside from referring to the Migrant and Seasonal Agricultural Worker Protection Act, Defendants fail to explain how any information they may get from La Casa would be relevant to a claim under this Act or a defense to such a claim.

Moreover, there is no showing that the information sought, (even redacted as Defendants conceded it needed to be) is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Defendants' access to their own business records on how much the Plaintiffs' worked and earned, the parties' resources, the questionable importance of the discovery in resolving the issues in the case, and that the burden or expense of the proposed discovery outweighs its likely benefit. The motion to quash (Dkt. 37) should be granted.

## C. SANCTIONS

"[A]bsent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45(c)(1) sanctions are inappropriate." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012).

Although it is a close question, sanctions are not appropriate here. Plaintiffs assert that Defendants sent this subpoena in an effort to intimidate and harass them, particularly in light of

1  the fact that they failed to properly serve it on their counsel to give them time to object.

2  Certainly, a subpoena can be quashed if it is served solely to annoy or harass a party or the

3  recipient. *See Mattel, Inc.*, at 814.  There is insufficient evidence to conclude that the subpoena

4  was issued solely in bad faith here.  While Defendants did not succeed in their defense of the

5  motion to quash, "[s]anctions for issuing a subpoena are in no way supported merely because a

6  party advocated a position in seeking discovery that lost in the end." *Mount Hope Church,* at 429.

7  The motion for sanctions (Dkt. 37) should be denied.

8                                    **III.    ORDER**

9            It is **ORDERED** that:

10  •  Plaintiffs' Motion to Quash Subpoena (Dkt. 37) **IS GRANTED, as to quashing the**

11      **subpoena, and DENIED as to SANCTIONS;** and

12  •  Defendants' November 3, 2016 Subpoena to La Casa de la Familia Santa and its

13      Management Agent **IS QUASHED**.

14          The Clerk is directed to send uncertified copies of this Order to all counsel of record and

15  to any party appearing *pro se* at said party's last known address.

16          Dated this 30th day of November, 2016.

17

18

19          ROBERT J. BRYAN
            United States District Judge

20

21

22

23

24

ORDER ON PLAINTIFFS' MOTION TO QUASH
SUBPOENA- 6